UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br><br>PAUL MATTHEW ALBARELLA,<br><br>    Defendant. | No. CR-05-6020-FVS<br><br><br>ORDER |

**THIS MATTER** came before the Court without oral argument based upon four motions brought by the defendant. He is represented by Anne Walstrom. The government is represented by Pamela J. Byerly.

**BACKGROUND**

The defendant has been charged with knowingly using an unauthorized access device with the intent to defraud. 18 U.S.C. § 1029(a)(2). He moves to dismiss the indictment on the ground the government cannot prove beyond a reasonable doubt that the access device he used was unauthorized, *viz*, that it was "lost, stolen, expired, revoked, canceled, or obtained with intent to defraud[.]" 18 U.S.C. § 1029(e)(3). The government argues that the defendant's motion is premature.

**RULING**

"A party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial of the general issue." Fed.R.Crim.P. 12(b)(2). However, neither this rule nor any

ORDER - 1

other rule authorizes a motion for summary judgment in a criminal case. *United States v. Jensen*, 93 F.3d 667, 669 (9th Cir.1996) (citing *United States v. Critzer*, 951 F.2d 306, 307 (11th Cir.1992) (per curiam)). When a defendant moves to dismiss based upon the government's alleged inability to prove an element of the charge, a district court must determine whether the issue raised by the defendant's motion is "entirely segregable from the evidence to be presented at trial." *United States v. Shortt Accountancy Corp.*, 785 F.2d 1448, 1452 (9th Cir.), (internal punctuation and citations omitted), *cert. denied*, 478 U.S. 1007, 106 S.Ct. 3301, 92 L.Ed.2d 715 (1986). If resolution of the motion "is substantially founded upon and intertwined with evidence concerning the alleged offense, the motion falls within the province of the ultimate finder of fact and must be deferred." *Id.* (internal quotation and citations omitted). This is such a case. The Court cannot determine whether the government will be able to prove the defendant's use of the access device was unauthorized -- *i.e.*, whether it lost, stolen, expired, revoked, canceled, or obtained with intent to defraud -- without considering evidence the jury will have to evaluate when it decides the defendant's guilt or innocence. As a result, the defendant's motion is premature. He may test the sufficiency of the government's evidence by bringing a motion for judgment of acquittal at the conclusion of the government's case in chief. Fed.R.Crim.P. 29(a). *See United States v. Nukida*, 8 F.3d 665, 670, 673 (9th Cir.1993).

**IT IS HEREBY ORDERED:**

1. The "Defendant's Motion to Dismiss" (**Ct. Rec. 30**) is denied.

2. The defendant's motion for disclosure of grand jury

transcripts (**Ct. Rec. 23**) is granted in part.  Seven days prior to trial, the government shall disclose a copy of the grand jury testimony of any witness whom the government expects to call in its case in chief.

3. The defendant's motion for 404/609 discovery (**Ct. Rec. 25**) is granted to the extent provided by Rules 404 and 609.

4. The defendant's motion for discovery (**Ct. Rec. 27**) is granted to the extent provided by Federal Rule of Criminal Procedure 16(a)(1), *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), *Giglio v. United States*, 405 U.S. 150, 92 S.Ct. 763, 31 L.Ed.2d 104 (1972), and the Jencks Act, 18 U.S.C. § 3500.

**IT IS SO ORDERED.**  The District Court Executive is hereby directed to enter this order and furnish copies to counsel.

**DATED** this ___30th___ day of August, 2005.

                                                   s/Fred Van Sickle
                                                    Fred Van Sickle
                                      United States District Judge